**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**DECEMBER SESSION, 1998**

FILED

January 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9708-CC-00346** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **HAMBLEN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES E. BECKNER** |
| **MICKEY LAMB,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Possession of** |
| | ) | **Controlled Substance)** |

FOR THE APPELLANT:

WILLIAM L. BROWN
706 Walnut Street, Suite 902
Knoxville, TN 379092

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

C. BERKELEY BELL
District Attorney General

JOHN DUGGER
Assistant District Attorney
510 Allison Street
Morristown, TN 37814

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# <u>OPINION</u>

On August 1, 1997, Appellant Mickey Lamb pleaded guilty to three counts of possession of a controlled substance with intent to sell and to thirteen counts of delivery of a controlled substance. After a sentencing hearing that same day, Appellant received an effective sentence of eight years. The trial court denied Appellant's request that he be placed on probation for the entire sentence. Appellant challenges the trial court's denial of probation. After a review of the record, we affirm the judgment of the trial court.

## FACTS

According to the evidence presented at the sentencing hearing, Agent Mike Long of the Third Judicial District Drug Task Force paid Appellant approximately $2,800.00 for the purchase of controlled substances at Appellant's place of business on nine different occasions between October 30, 1996, and December 23, 1996. During the execution of a search warrant at Appellant's place of business on December 30, 1996, law enforcement officials discovered ninety-six morphine tablets, thirty-eight oxycodone tablets, thirty-three dihydrocodeinone tablets, and $847.00 in cash.

**ANALYSIS**

Appellant contends that the trial court erred when it denied his request for probation.[1]  We disagree.

When a defendant challenges the manner of his or her sentence, this Court must conduct a de novo review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997).  This presumption only applies, however, if the record shows that the trial court properly considered relevant sentencing principles.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  A review of the record indicates that this presumption is applicable in this case.

Under Tennessee law, a defendant is eligible for probation if the sentence imposed is eight years or less.  Further, the trial court is required to consider probation as a sentencing alternative for eligible defendants.  Tenn. Code Ann. § 40-35-303(a)–(b) (1997).  However, even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law."  Tenn. Code Ann. § 40-35-303(b) (1997) (Sentencing Commission Comments); State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).  Indeed, a defendant seeking full probation bears the burden on appeal of showing that the sentence actually imposed is improper and that full probation will be in both the best interest of the defendant and the public.  State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).  When determining

---

[1]We note that our review on appeal is limited to the narrow question presented by Appellant of whether the trial court erred when it denied Appellant's request for full probation.  Accordingly, this opinion does not address the appropriateness of other sentencing alternatives.

suitability for probation, the sentencing court considers the following factors: (1) the nature and circumstances of the criminal conduct involved; (2) the defendant's potential or lack of potential for rehabilitation, including the risk that, during the period of probation, the defendant will commit another crime; (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense; and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes. Tenn. Code Ann. §§ 40-35-210(b)(4), -103(5), -103(1)(B) (1997 & Supp. 1998); Bingham, 910 S.W.2d at 456 (citations omitted).

The record indicates that the trial court based its decision to deny probation on both the circumstances of the criminal conduct and the need to deter others from committing drug related offenses.[2] We conclude that the trial court properly determined that the circumstances of Appellant's offenses indicated that probation was not appropriate. Indeed, the trial court noted that Appellant had not been convicted of an isolated incident, but rather, had been convicted of sixteen different drug related offenses that took place over a two month period. The trial court concluded that the fact that Appellant continued to engage in criminal conduct after having time to reflect on the wrongfulness of that conduct weighed against a grant of probation. In addition, the fact that Appellant had 167 tablets of various controlled substances in his possession when the search warrant was executed indicates that he was engaged in more than just a few casual criminal transactions.

---

[2]The record also indicates that in making its determination to deny probation, the trial court recognized that Appellant did not have a prior criminal record and that Appellant had some potential for rehabilitation. The trial court concluded, however, that these considerations were outweighed by the circumstances of the offenses and the need for deterrence. The court also noted that Appellant had been shown a great deal of leniency when he was sentenced to a term of eight years rather than the seventy-two years that the law allows.

We also conclude that the trial court properly determined that denial of probation was necessary in order to deter others from committing drug related offenses. This Court has stated that the general rule regarding deterrence is that "[b]efore a trial court can deny alternative sentencing on the ground of deterrence, there must be some evidence contained in the record that the sentence imposed will have a deterrent effect within the jurisdiction." Bingham, 910 S.W.2d at 455. However, this Court has held that the sale or use of narcotics is "deterrable per se," even in the absence of a record demonstrating a need for deterrence. State v. Dykes, 803 S.W.2d 250, 260 (Tenn. Crim. App. 1990). Thus, the trial court properly denied Appellant's request for probation based on the need to deter drug related offenses. See id. See also State v. Keith A. Jackson, No. 02C01-9705-CR-00193, 1998 WL 148330, at *3 (Tenn. Crim. App., Jackson, April 1, 1998) (upholding denial of probation because sale of narcotics is deterrable per se); State v. Timothy S. Myrick, No. 02C01-9512-CC-00368, 1997 WL 11288, at *2–3 (Tenn. Crim. App., Jackson, Jan. 15, 1997) (upholding denial of alternative sentencing because sale of narcotics is deterrable per se).

In short, we hold that the trial court properly denied Appellant's request for probation based on the circumstances of the offenses and the need to deter others from committing drug related offenses. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

-6-

_____
DAVID G. HAYES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE